M. Schulz Co. v. Gether, 183 Wis. 501.

M. Schulz Company, Respondent, vs. Gether, Appellant:
First Wisconsin National Bank and another,
Garnishee defendants.

*March 13—April 8, 1924.*

*Garnishment: Dismissal of main action: Effect on garnishment
action: Appeal.*

1. Where a judgment is fair on the record and there is no motion
   to vacate it nor a bill of exceptions, the refusal of the trial
   judge to stay execution will not be disturbed.   p. 502.
[2. *Quære:* Pending appeal, what practice should prevail as to a
   garnishment action after dismissal of the main action. Does
   sec. 2766, Stats., providing that the garnishment action be
   dismissed after judgment dismissing the main action, mean
   final judgment?]   p. 502.

Appeal from a judgment of the circuit court for Mil-
waukee county: E. T. Fairchild, Circuit Judge, and from
an order of the circuit court for Milwaukee county: John
J. Gregory, Circuit Judge. *Affirmed.*

The garnishee defendant had judgment in the principal
action, and thereupon, without notice, took a judgment dis-
missing the garnishee action. The main action was ap-
pealed to this court and is decided herewith. That decision
affirming the judgment of the circuit court makes a discus-
sion of this case largely academic except for the question of
costs.

After the judgment in the circuit court in the garnishee
action, the appellant here made a motion to stay execution

M. Schulz Co. v. Gether, 183 Wis. 501.

on the judgment for costs, pending appeal in the main action, which motion was denied. Appellant then appealed both from the order denying the stay of execution and from the judgment.

For the appellant there was a brief by *Glicksman, Gold & Corrigan,* attorneys, and *Ray T. McCann,* of counsel, all of Milwaukee, and oral argument by *Mr. McCann.*

For the respondent there was a brief by *Michael Levin* of Milwaukee and *Simmons, Walker & Wratten* of Racine, and oral argument by *Mr. Levin* and *Mr. Charles F. Wratten.*

CROWNHART, J.    Issues are raised here not raised below. It is claimed that the judgment appealed from is not a judgment in fact but only an order for judgment. That question was not raised before the trial court. The position is inconsistent with the motion to stay execution and the appeal from the judgment. The judgment is somewhat irregular in form, but we deem it sufficient. There was no motion to vacate the judgment and there is no bill of exceptions. The judgment is fair on the record and is sustained on this appeal. Therefore the stay of execution was within the discretion of the trial court and cannot be disturbed.

If properly before us, an important question for construction of the statutes would be involved, which should be cured by legislation. Sec. 2766, Stats., provides that the garnishee action shall be dismissed where the defendant has judgment in the main action. Query: Does this mean final judgment, and, if so, what practice should prevail pending appeal?

*By the Court.*—The judgment and order of the circuit court are affirmed.